**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NATASHA GLADYS NHEKAIRO, *et al.*,

   Plaintiffs,

           v.

DEPARTMENT OF HOMELAND
SECURITY and U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

   Defendants.

Civil Action No.
1:26-cv-00151-SDG

## OPINION AND ORDER

This case is before the Court on Plaintiffs' renewed motion for a temporary restraining order (TRO) [ECF 53]. Plaintiffs' renewed motion seeks an order enjoining Defendants Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services (USCIS) from applying the adjudicative hold imposed by Policy Memoranda PM-602-0192 and PM-602-0194 to Plaintiffs' pending Form I-765 employment authorization applications. Plaintiffs further ask the Court to order Defendants to complete adjudication of those applications within seven days. The background of this case is fully set out in the Court's May 13, 2026 Order denying Plaintiffs' earlier motion for a preliminary injunction, which sought relief in addition to the foregoing.[1]

---

[1]   *See generally* ECF 48.

1

While Plaintiffs' renewed motion was pending, the district court in *Dorcas International Institute of Rhode Island v. United States Citizenship & Immigration Services*, No. 26-cv-132-JJM-PAS, 2026 U.S. Dist. LEXIS 124714 (D.R.I. June 5, 2026) issued an order vacating the same policies at issue in this case as violating the Administrative Procedure Act. Shortly thereafter, the district court ordered USCIS to file a status report regarding its compliance with the vacatur order.[2] USCIS submitted a declaration from Deputy Director Angelica Alfonso-Royals, who attests that "USCIS posted a web alert on its public website notifying the public that the agency is complying with the vacatur" and "has circulated the web alert internally to alert agency personnel that USCIS is subject to the Court's vacatur and instructing agency personnel to treat the vacated policies as if they are no longer in effect."[3]

Returning to this case, Defendants oppose Plaintiffs' renewed motion on the ground that the *Dorcas* vacatur order and their compliance with it render Plaintiffs' claims for preliminary injunctive relief moot.[4] Under Article III of the Constitution, federal courts may only hear live "cases" and "controversies." U.S. Const. art. III,

---

[2]   *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 1:26-cv-00132-JJM-PAS (D.R.I. June 11, 2026), ECF 36.

[3]   *Id.*, ECF 41-1, ¶¶ 5–6.

[4]   *Nhekairo v. Dept. of Homeland Security*, No. 1:26-cv-00151-SDG (N.D. Ga. June 18, 2026), ECF 56.

2

§ 2. "[I]f events that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Jacksonville Prop. Rts. Ass'n, Inc. v. City of Jacksonville*, 635 F.3d 1266, 1274 (11th Cir. 2011) (cleaned up).

The doctrine of voluntary cessation is an exception to mootness. *Id.* Pursuant to that doctrine, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Rather, "the voluntary cessation of challenged conduct will only moot a claim when there is no reasonable expectation that the accused litigant will resume the conduct after the lawsuit is dismissed." *Id.* (internal quotation marks and citation omitted). While the party asserting mootness bears the burden of showing that the challenged conduct will not resume, the Eleventh Circuit "has consistently held that a challenge to government policy that has been unambiguously terminated will be moot in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Id.* at 1274–75 (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1285 (11th Cir. 2004)).

Here, a senior USCIS official has represented under penalty of perjury that USCIS is complying with the *Dorcas* vacatur order.[5] Defendants have also represented that the Form I-765 applications of Plaintiffs Karen Abbaskhanian, Homa Haghigi, and Arash Namaeighasemi have been adjudicated since the *Dorcas* vacatur order was issued.[6] Thus, there is no evidence before the Court to suggest that Defendants are not complying with their obligations under the *Dorcas* vacatur order, and so they have ceased the conduct challenged by Plaintiffs' renewed motion.

However, in a footnote at the end of their response, Defendants note that USCIS intends to appeal the *Dorcas* vacatur order and seek a stay of that order.[7] Indeed, the *Dorcas* docket shows that USCIS filed a notice of appeal on June 12, 2026 and has since sought an emergency stay while the appeal is pending.[8] The *Dorcas* district court scheduled a hearing on the emergency motion for July 8. Thus, it is also clear that Defendants are highly likely to resume the challenged conduct if the *Dorcas* vacatur order is stayed or overturned on appeal. It is also rather disingenuous for Defendants to suggest that Plaintiffs' claims are moot because

---

[5]   *Id.*, ECF 56-1.

[6]   *Id.*, ECF 59.

[7]   *Id.*, ECF 56, at 7 n.2.

[8]   *Dorcas*, No. 1:26-cv-00132-JJM-PAS (D.R.I. June 12 & 19, 2026), ECFs 36, 46.

the challenged policies have been vacated, while simultaneously seeking emergency relief to reinstate those policies.

That said, there is no indication that Defendants will not comply with the *Dorcas* vacatur order unless and until it loses effect, and the available evidence suggests that Defendants are complying with their obligations in the meantime. Accordingly, the Court will deny as moot Plaintiffs' renewed motion. However, any party may immediately notify the Court of relevant developments in the *Dorcas* case, and the Court will reconsider this Order in light of those developments.

The Court will also order Defendants to submit a status report regarding the remaining movants' Form I-765 applications. The status report shall provide an update as to the current status of the Form I-765 applications filed by the Plaintiffs who executed declarations in support of the renewed motion.[9] The status report shall provide individualized updates for each such Plaintiff's application and address the application's current status and expected time until final adjudication. Defendants shall file this status report within 30 days of this Order.

---

[9]    *Nhekairo*, No. 1:26-cv-00151-SDG (N.D. Ga. June 3, 2026), ECF 53-1.

Lastly, Plaintiffs are granted leave to file their reply, though the Court notes that the parties need not as a matter of course seek the Court's leave to file a reply in support of a motion. *See* LR 7.1(C), NDGa.

In summary, Plaintiffs' renewed motion for a TRO [ECF 53] is **DENIED as moot**, and Plaintiffs' motion for leave to file a reply [ECF 58] is **GRANTED**. Defendants are **ORDERED** to file a status report regarding Plaintiffs' outstanding Form I-765 applications, consistent with this Order, within 30 days. Any party may immediately notify the Court of relevant developments in the *Dorcas* case, and the Court will reconsider this Order in light of those developments without further notice.

The Clerk is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 6th day of July, 2026.

_____
Steven D. Grimberg
United States District Judge
